**Beverly VILCEK and David Vilcek, Plaintiffs–Appellants,**

v.

**Gary G. LEE, D.O., Defendant–Respondent.**

**No. ED 73407.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 8, 1998.

Michael E. Hughes, David M. Zevan, St. Louis, for appellants.

Moser and Marsalek, P.C., William L. Davis, Robyn G. Fox, Catherine M. Vale, St. Louis, for respondent.

KENT E. KAROHL, Judge.

Plaintiffs, Beverly Vilcek and her husband, David Vilcek, appeal summary judgment for defendant, Gary G. Lee, D.O. (Dr. Lee). The trial court determined that their claims for

medical malpractice were barred by section 516.105 RSMo 1978.

Plaintiffs' point relied on is:

THE TRIAL COURT ERRED IN RENDERING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AS BEING BARRED BY THE STATUTE OF LIMITATIONS BECAUSE THE ACTION WAS COMMENCED WITHIN 2 YEARS FROM THE DATE OF THE DISCOVERY OF SUCH NEGLIGENCE AND WITHIN 10 YEARS FROM THE DATE DEFENDANT NEGLIGENTLY PERMITTED THE FOREIGN OBJECT TO REMAIN IN PLAINTIFF'S BODY.

The agreed facts follow. On February 12, 1986 Dr. Lee performed a tubal ligation on Beverly Vilcek. She understood the doctor would also remove an intrauterine device (IUD) during the surgery. On May 31, 1986 she had a follow-up visit. The IUD was not considered during the follow-up visit. On May 15, 1995 Beverly Vilcek discovered the IUD was not removed during the surgery. On March 21, 1996 plaintiffs filed the medical malpractice lawsuit which the court dismissed.

For a number of reasons we affirm. First, section 516.105 provides a two year statute of limitations for health care providers "for damages for malpractice, negligence, error or mistake related to health care ..." The statute begins on the day of occurrence of the act or neglect complained of for an adult patient. The statute provides an exception for an act of neglect in "introducing and negligently permitting any foreign object to remain within the body of a living person." In the exceptional case, the action must be brought within two years from the date of discovery or from the date on which the patient should have discovered, by the exercise of ordinary care, the act of malpractice. The foreign object exception is limited to a period of ten years from the date of the act of malpractice. Plaintiffs' cause of action does not fall within the foreign object exception. There is no allegation and there are no facts to support a finding that Dr. Lee introduced the IUD device that was not removed during the surgery performed for other reasons. Accordingly, the statute of limitations expired on October 12, 1988 where there are no issues of "fraudulent concealment," "continuing treatment," or "continuing or repeated wrong." See, *Weiss v. Rojanasathit*, 975 S.W.2d 113 (Mo. banc 1998).

Second, none of the rules that have served to "extend" the period of limitations in medical malpractice cases have application to the present summary judgment facts. There were no acts of repeated or continuing wrong; Beverly Vilcek did not consult Dr. Lee for an eight-year period between May, 1986 and the Spring of 1993. Accordingly, even if the foreign body exception did apply in this case, the summary judgment facts would not support any extensions based upon these theories or rules. We would hold on the present facts, as a matter of law, there was no relevant continuing treatment, no repeated wrong or fraudulent concealment.

We affirm.

ROBERT G. DOWD, Jr., C.J. and ROBERT E. CRIST, Senior Judge, concur.